UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZIMIER QUADIER DARRICK DION GREEN,

Plaintiff,

-against-

POLICE OFFICER BRIAN P. LEVY, et al.,

Defendants.

7:26-CV-6127 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Zimier Quadier Darrick Dion Green, of New Windsor, Orange County New York, brings this pro se action asserting violations of his federal constitutional rights.[1] He sues: (1) Police Officer Brian P. Levy, who appears to be employed by the Town of New Windsor Police Department; (2) Town of New Windsor Justice Court Judge Eve I. Lincoln; and (3) Kasha Denise McNair, of Poughkeepsie, Dutchess County, New York, who appears to be the mother of his minor son. Plaintiff seeks damages as well as "specific performance of a court order that requires [McNair] to perform [her] obligations under [a] contract." (ECF 1, at 6.) The Court construes Plaintiff's complaint as asserting claims against Levy and Judge Lincoln under 42 U.S.C. § 1983, and claims against Levy and McNair under state law.

By order dated July 27, 2026, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reason set forth in this order, the

[1] In his complaint, Plaintiff reveals the complete name and complete date of birth of his minor son (ECF 1, at 8-12), instead of referring to his minor son by using his son's name's initials and to his son's birth year, as is required by Rule 5.2(a)(2) and (3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5.2(a)(2), (3). Thus, in an abundance of caution, the Court has directed the Clerk of Court restrict public electronic access to the complaint.

Court dismisses Plaintiff's claims against Judge Lincoln. The Court directs service on Levy and McNair.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. The Claims Against Judge Lincoln Are Dismissed

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Judge Lincoln, which the Court understands to be for damages, under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that,

although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

In addition, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

To the extent that Plaintiff asserts claims for damages under Section 1983 against Judge Lincoln arising from her acts in presiding over what appears to be Plaintiff's arraignment before her in the Town of New Windsor Justice Court, following Plaintiff's arrest on or about December 26, 2025, Plaintiff has failed to allege any facts showing that Judge Lincoln acted beyond the scope of her judicial responsibilities or outside of her jurisdiction. *See Mireles*, 509 U.S. at 11-12. To the extent that Plaintiff sues Judge Lincoln for "acts arising out of, or related to, individual cases before" her, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 for damages against Judge Lincoln. The Court therefore dismisses these claims, under the doctrine of judicial immunity, because Plaintiff seeks monetary relief from a Defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous,[2] *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177

[2] To the extent that Plaintiff seeks injunctive relief against Judge Lincoln, such relief is available against her only if she violated a state-court declaratory decree or if state-court declaratory relief is unavailable. *See* 42 U.S.C. § 1983. Here, no such violation is alleged, and Plaintiff can seek declaratory review of Judge Lincoln's actions and/or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to

(2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B. Service Shall Be Effected on Levy and McNair**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service on the remaining Defendants (Levy and McNair).[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Levy and McNair through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further instructed to issue summonses for Levy and McNair and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint on Levy and McNair.

---

plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Levy and McNair until the Court reviewed the complaint and ordered that summonses be issued for them. The Court therefore extends the time to serve Levy and McNair until 90 days after the date that the summonses for those Defendants are issued. If summonses and the complaint are not served on Levy and McNair within 90 days from the date that summonses for them are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**C. The City Bar Justice Center May Be Available to Assist Plaintiff**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil cases filed in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if he has questions about the form, he should call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 against Judge Eve I. Lincoln are DISMISSED, under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from a Defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Clerk of Court is therefore directed to terminate Judge Lincoln as a Defendant in this action.

The Court further directs the Clerk of Court to: (1) issue summonses for the remaining Defendants (Police Officer Brian P. Levy and Kasha Denise McNair); (2) complete the USM-285 forms with the service addresses of the remaining Defendants; and (3) deliver all documents necessary to effect service of the summonses and the complaint on the remaining Defendants to the USMS. The Clerk of Court is also directed to mail an information package to Plaintiff.

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Police Officer Brian P. Levy, Badge No. 363
   Town of New Windsor Police Department
   555 Union Avenue
   New Windsor, New York 12553

2. Kasha Denies McNair
   45 Gifford Avenue
   Poughkeepsie, New York 12601

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)